UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY KU,<br><br>    Defendant. | Case No. 21-cr-00139-RS-2 (LB)<br><br>**ORDER FOLLOWING *FARETTA* HEARING** |

### INTRODUCTION

Because the defendant Henry Ku asked to represent himself, the trial court referred the matter to the duty magistrate judge to conduct a hearing under *Faretta v. California*, 422 U.S. 806 (1975).[1] At the June 9, 2022 hearing (conducted at Mr. Ku's request via Zoom), the court advised Mr. Ku of the nature of the charge, the possible penalties, and the dangers of self-representation. Mr. Ku then knowingly and voluntarily waived his right to counsel, and the court allowed him to represent himself.

---

[1] Criminal Mins. – ECF No. 60. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cr-00139-RS-2 (LB)

**STATEMENT**

As discussed below, part of the inquiry under *Faretta* is an advisement of the nature of the charges. The court began the hearing by advising Mr. Ku that he was charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, which carries the following maximum penalties: five years' imprisonment, three years' supervised release, a $250,000 fine, and a $100 special assessment.[2] Mr. Ku said that he understood the nature of the charge and the penalties.

The court then reviewed the *Faretta* questions from the Federal Judicial Center's Benchbook for U.S. District Court Judges with Mr. Ku, modifying the questions somewhat to reflect his experience as a lawyer, and emphasizing the perils of representing himself.[3] Mr. Ku explained that he was a civil litigator for ten years, primarily in state court, and was second chair for one civil jury trial. For the past ten years, he has been a transactional lawyer. He is somewhat familiar with the Federal Rules of Evidence and is learning the Federal Rules of Criminal Procedure. The court also advised him of the court's local rules. As part of the colloquy, Mr. Ku acknowledged that he understood the rules, would follow them, and knowingly and voluntarily waived his right to be represented by counsel.

**GOVERNING LAW**

A defendant who voluntarily and intelligently chooses to represent himself — that is, a defendant who knowingly and intelligently relinquishes the benefits traditionally associated with counsel — has the constitutional right to do so. *Faretta v. California*, 422 U.S. 806, 835–36 (1975). Put another way, a defendant has two "correlative and mutually exclusive Sixth Amendment rights: the right to have counsel, on one hand, and the right to refuse counsel and represent himself, on the other." *United States v. Gerritsen*, 571 F.3d 1001, 1007 (9th Cir. 2009).

---

[2] Superseding Indictment – ECF No. 14; Penalty Sheet – ECF No. 14-1

[3] Fed. Jud. Ctr., *Benchbook for United States District Court Judges* § 1.02 (Assignment of counsel or pro se representation) at 6–7 (6th ed. 2013).

ORDER – No. 21-cr-00139-RS-2 (LB)   2

To invoke the Sixth Amendment right to self-representation, a defendant's request must be knowing and intelligent, unequivocal, timely, and not for the purpose of delay. *United States v. Schaff*, 948 F.2d 501, 503 (9th Cir. 1991). "Because a defendant who exercises the right to self-representation foregoes the benefits of exercising the right to counsel, 'the accused must "knowingly and intelligently" forego those relinquished benefits.'" *Gerritsen*, 571 F.3d at 1007 (quoting *Faretta*, 422 U.S. at 835). For a request and waiver to be knowing, intelligent, and voluntary, a defendant must be aware of the nature of the charges against him, the possible penalties (including the effect of prior convictions), and the dangers and disadvantages of self-representation. *United States v. Hantzis*, 625 F.3d 575, 579–80 (9th Cir. 2010).

"Warnings of the pitfalls of proceeding to trial uncounseled must be rigorously conveyed." *Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (cleaned up). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835 (cleaned up); *accord Hantzis*, 625 F.3d at 580. In addition to the charges and possible penalties, the defendant must "understand his constitutional right to have a lawyer perform certain core functions' and 'the possible consequences of mishandling these core functions and the lawyer's superior ability to handle them." *Gerritsen*, 571 F.3d at 1007 (cleaned up).

The Supreme Court and the Ninth Circuit have not "'prescribe[d] any formula or script to be read to a defendant who states that he elects to proceed without counsel.'" *Id.* (quoting *Tovar*, 541 U.S. at 88); *see United States v. Lopez-Osuna*, 232 F.3d 657, 664 (9th Cir.), *amended* 242 F.3d 1191 (9th Cir. 2000); *United States v. Hayes*, 231 F.3d 1132, 1138 (9th Cir. 2000). Rather, "'the information that a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'" *Gerritsen*, 571 F.3d at 1007 (quoting *Tovar*, 541 U.S. at 88). In *Hayes*, the Ninth Circuit recommended the following language:

> The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

*Id.* at 1138–39; *accord United States v. Erskine*, 355 F.3d 1161, 1168 (9th Cir. 2004).

## ANALYSIS

Here, the request is timely, and the government conceded that it was not for the purpose of delay. *Cf. Faretta*, 422 U.S. at 835–36 (the defendant's request was weeks before trial).

As to whether Mr. Ku's request to represent himself was equivocal, it was not. At the hearing, he maintained throughout the court's questioning that he understood his right to counsel, the dangers of representing himself, and the obligations that he would assume by self-representation. He also said that he was not asking for standby counsel. In short, he was emphatic about waiving his right to counsel and representing himself.

Several other legal points are important.

First, a request may be denied if a defendant demonstrates an unwillingness or an inability to "abide by rules of procedure and courtroom protocol." *Lopez-Osuna*, 232 F.3d at 664. Mr. Ku said that he will follow the rules of procedure and protocol.

Second, the court's focus is on Mr. Ku's competence to waive counsel, not on his legal competence. *See United States v. Arlt*, 41 F.3d 516, 518 (9th Cir. 1994). As stated above, technical legal knowledge is not required. *See Faretta*, 422 U.S. at 836; *Hayes*, 231 F.3d at 1138. Mr. Ku is competent to waive counsel.

Third, the court could appoint standby or advisory counsel. Advisory counsel gives technical assistance to a defendant but does not participate in the trial. Standby counsel represents the defendant if self-representation is terminated. *See United States v. Salemo*, 81 F.3d 1453, 1456 n.2 (9th Cir. 1996). Mr. Ku has no right to court-appointed standby or advisory counsel. *See id.* at

1460. But the district court may appoint standby or advisory counsel to protect the court's own interests in fair and orderly proceedings. *Id.* at 1459. Standby or advisory counsel — on this record — is not necessary.

In sum, after advising Mr. Ku of the charges, the penalties, and the dangers and disadvantages of self-representation, Mr. Ku maintained that he wanted to represent himself and that his decision was voluntary. The court thus found that he knowingly and voluntarily waived his right to counsel, and it permitted Mr. Ku to represent himself.

## CONCLUSION

Having knowingly and voluntarily waived his right to counsel, Mr. Ku will represent himself going forward in the case.

**IT IS SO ORDERED.**

Dated: June 10, 2022

_____
LAUREL BEELER
United States Magistrate Judge