UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH NUBLA and HENRY KU,

Defendants.

Case No. 21-cr-00139-RS-1

**ORDER ON DEFENDANT'S MOTION *IN LIMINE***

Defendant Joseph Nubla has filed a motion *in limine* seeking to preclude the government from introducing certain testimony by Revenue Agent Ryan Weitzel, its expert witness, as described below.

**1. GAAP**

Nubla seeks to preclude Agent Weitzel from testifying about Generally Accepted Accounting Principles ("GAAP"), on the grounds that the topic is irrelevant and unfairly prejudicial. He argues that, because Brisbane Recycling Company was not required to adhere to GAAP, testifying about it would lead the jury to believe, erroneously, that any departures from GAAP evidence misconduct. The government argues this testimony is relevant because certain Brisbane transactions *did* follow GAAP, while others — namely, those at issue in this case — did not. This argument is persuasive, insofar as the government is not seeking to imply Brisbane had an obligation to follow GAAP writ large. The motion is denied in this respect.

///

### 2. Henry Ku's Accounting Practices and Tax Returns

Nubla seeks to preclude testimony based on Defendant Ku's "tax reporting and alleged undocumented expenses," on the grounds that these are irrelevant, inadmissible character evidence, and unduly prejudicial. Dkt. 135 ("MIL"), at 5. The motion is denied in this respect, as these materials are clearly relevant to the broader conspiracy charge the government alleges in Count One, and Nubla's arguments as to lack of notice and prejudice are unpersuasive.

### 3. State of Mind

Nubla seeks to preclude certain testimony that, he argues, speaks to his state of mind in violation of Rule 704(b) of the Federal Rules of Evidence. The government's expert disclosure notes, for example, that Agent Weitzel will testify about how certain compensation "is not deductible for tax purposes, but was nonetheless deducted to reduce Brisbane's reported taxable income and resulted in a continuation of little to no corporate taxes paid by Brisbane." MIL, at 6–7 (emphasis omitted) (quoting United States' Disclosure of Expert Witness Testimony and Summaries of Voluminous Evidence, Dkt. 142, Ex. A, at 10).

While Nubla is correct that Rule 704(b) forbids an expert from testifying as to a defendant's state of mind, *see* Fed. R. Evid. 704(b), the statements cited in the motion are more plausibly read as stating certain natural consequences flowing from the alleged misconduct — that is, taking a tax deduction necessarily reduces a company's taxable income, which necessarily lowers the company's tax obligation. The motion is denied in this respect, without prejudice to Defendants objecting to this testimony on 704(b) grounds at trial should Agent Weitzel more clearly speak to Defendants' state of mind.

### 4. "Constructive Dividends"

Nubla seeks to preclude the government from referring to certain transactions as "constructive dividends," in light of the prior order restricting its use of the similar phrase "disguised dividends." *See* Dkt. 134, at 7. The government argues the adjective "constructive" is "as benign as they come." Dkt. 142, at 6. While this argument is not convincing, the motion is denied in this respect for a different reason. The prior order restricted the use of the phrase

"disguised dividends" specifically with respect to portions of Nubla's tax returns from after the indictment period — that is, from tax years 2016 through 2021 — because using that term "would reflect a legal conclusion the government has not proven." Dkt. 134, at 7. Here, however, the portion of Agent Weitzel's testimony that Nubla objects to involves tax filings for tax years 2009 through 2015. These are squarely within the indictment period, and thus the same concerns about reducing jury confusion or unfair prejudice are not present here.

**5. Evidence Concerning "Creditors" and "Other Parties"**

Nubla seeks to preclude the government from introducing evidence that his actions "were related to creditors or 'other parties.'" MIL, at 8. The government replies that, "[t]o the extent there is no evidence of such introduced at trial, the expert will have no need to testify as to that method of concealment." Dkt. 142, at 4. This argument is convincing. The motion is denied in this respect, without prejudice to Nubla objecting at trial to any undisclosed evidence.

**IT IS SO ORDERED**.

Dated: March 22, 2023

_____
RICHARD SEEBORG
Chief United States District Judge